AFH

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-212-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| LAILA MERCHANT ) | |
| a/k/a "Sara Lee" ) | |
| ) | |

The United States Attorney charges that:

## INTRODUCTION

1. A business may accept various forms of payment from consumers, including credit cards and debit cards (collectively, "bankcards") issued by financial institutions ("card-issuing banks").

2. A business must establish a "merchant account" to accept bankcards. A merchant account may be obtained through a "processor," which is a company that communicates with card-issuing banks to authorize and settle bankcard transactions. The processor may require the business to complete a merchant account application requesting one or more of the following: name, date of birth, and Social Security number of the business owner; taxpayer identification number ("TIN") for the business; annual and monthly

sales volume by bankcard type (*e.g.*, Visa); and average amount per bankcard transaction.

3. If the merchant account is established, the processor will provide the business with a point-of-sale system ("POS system") to electronically process bankcards. POS systems include, but are not limited to, physical devices that allow the business to insert, swipe, or manually enter the required bankcard information and transmit that information to the processor through a telephone line or Internet connection. For any given transaction, the processor (a) obtains the sales information from the business; (b) requests authorization for the transaction from the card-issuing bank; (c) collects funds from the card-issuing bank; and (d) deposits the payment into the account designated by the business in the merchant account application (minus the processor's fees).

4. The term "PII," as used herein, refers to personal identifying information of individuals, including, but not limited to, names, addresses, dates of birth, Social Security numbers, and bankcard and other financial account information.

2

# COUNT ONE
## *Conspiracy to Commit Offenses against the United States*
## *18 U.S.C. § 371*

5. Paragraphs 1 through 4 are re-alleged and incorporated herein as though fully set forth in this count.

6. Beginning no later than in or about July 2013, and continuing until at least in or about September 2014, both dates being approximate and inclusive, in the Eastern District of North Carolina and elsewhere, the defendant, LAILA MERCHANT, a/k/a "Sara Lee" (hereinafter, "LAILA MERCHANT"), did knowingly and willfully combine, conspire, confederate, and agree with one or more persons to commit offenses against the United States, *to wit*:

(a) To knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, for which one or more conspirators transmitted and caused to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343; and

(b) To knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money, funds, credits, assets, and securities owned by and under the custody and control of a financial institution as defined under Title 18, United States Code, Section 20, by means of materially false and fraudulent

3

pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## PURPOSE OF THE CONSPIRACY

7. The purpose of the conspiracy and the scheme and artifice was for the defendant, LAILA MERCHANT, and her conspirators to: (1) engage in credit card fraud by opening merchant accounts for various shell companies and using the POS systems to run fraudulent charges through stolen bankcard accounts; and (2) engage in loan fraud by submitting fraudulent auto loan applications to financial institutions.

## MANNER AND MEANS

Among the manner and means used to effect and accomplish the purpose of the conspiracy included, but were not limited to, the following:

*Credit Card Fraud*

8. It was a part of the conspiracy and the scheme and artifice that the conspirators established shell companies in the names of victims and others by, among other things, filing articles of incorporation with the secretary of state in North Carolina and elsewhere.

9. It was further a part of the conspiracy and the scheme and artifice that the conspirators applied for and established merchant accounts for the shell companies with one or more processors.

4

10. It was further a part of the conspiracy and the scheme and artifice that during the account application process, the conspirators provided one or more processors with counterfeit, false, and unauthorized identification information, including, but not limited to, the PII of victims.

11. It was further a part of the conspiracy and the scheme and artifice that the conspirators obtained stolen bankcard account information.

12. It was further a part of the conspiracy and the scheme and artifice that the conspirators assessed, and attempted to assess, fraudulent charges against the aforementioned bankcard accounts using the POS systems issued to one or more of their shell company merchant accounts.

13. It was further a part of the conspiracy and the scheme and artifice that the conspirators caused one or more processors to deposit the proceeds of fraudulent bankcard transactions into accounts maintained and controlled by one or more conspirators.

*Auto Loan Fraud*

14. It was further a part of the conspiracy and the scheme and artifice that the conspirators used counterfeit, false, and unauthorized information, including the PII of victims, to open member accounts at one or more financial institutions.

5

15. It was further a part of the conspiracy and the scheme and artifice that the conspirators established one or more shell companies purportedly operating as car dealerships.

16. It was further a part of the conspiracy and the scheme and artifice that the conspirators obtained one or more vehicle identification numbers (VINs) and other information for vehicles that neither they nor their shell companies owned nor possessed.

17. It was further a part of the conspiracy and the scheme and artifice that the conspirators submitted fraudulent auto loan applications to one or more financial institutions at which they opened the aforementioned accounts. The loan applications included counterfeit, false, and unauthorized information, including the PII of victims and shell company information.

18. It was further a part of the conspiracy and the scheme and artifice that the conspirators directed one or more financial institutions to deposit the proceeds of successful auto loan applications into bank accounts maintained and controlled by one or more conspirators.

**OVERT ACTS**

In furtherance of the conspiracy, and to achieve the unlawful objects thereof, one or more conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of North Carolina and elsewhere:

19. On or about June 18, 2014, a conspirator sent a cellular text message to another conspirator containing the PII for victim K.W., including the victim's date of birth and Social Security number.

20. On or about June 24, 2014, a conspirator incorporated a shell company in North Carolina in victim K.W's name.

21. On or about June 26, 2014, a conspirator established a merchant account for the shell company with a processor using the PII for K.W. Supporting documents provided to the processor included a counterfeit Social Security card bearing victim K.W.'s name and Social Security number.

22. Between on or about June 30, 2014, and July 2, 2014, a conspirator used the shell company's merchant account to assess a series of fraudulent charges against multiple stolen bankcard accounts.

23. On or about June 18, 2014, a conspirator submitted a fraudulent auto loan application using K.W.'s name and PII to USAA.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Aggravated Identity Theft and Aiding & Abetting
### 18 U.S.C. §§ 1028A(a)(1) and 2

24. Paragraphs 1 through 23 are re-alleged and incorporated by reference into Count Two as if fully stated herein.

25. On or about June 18, 2014, in the Eastern District of North Carolina and elsewhere, the defendant, LAILA MERCHANT, aiding and abetting others, did knowingly and with intent to defraud transfer, possess, and use, without lawful authority, a means of identification of another person, *to wit*, the name, date of birth, and Social Security number of a victim whose initials are K.W., during and in relation to the offense of Wire Fraud, a felony enumerated in Title 18, United States Code, Section 1028A(c).

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.


## FORFEITURE NOTICE

Upon conviction of Count One in this Criminal Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

The forfeitable property includes, but is not limited to, a forfeiture money judgment in an amount to be determined by the Court, representing gross proceeds traceable to the commission of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

JOHN STUART BRUCE
United States Attorney

ADAM F. HULBIG
Assistant United States Attorney
Criminal Division

9

Case 5:17-cr-00212-H   Document 1   Filed 07/11/17   Page 9 of 9